UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE SCHNOKE,<br><br>               Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY[1],<br><br>               Defendant. | CIVIL ACTION NO. 3:20-CV-01586<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Plaintiff Dale Schnoke brings this action under sections 205(g) of the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3) (incorporating § 405(g) by reference), seeking judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1, at 2). The matter has been referred to the undersigned United States Magistrate Judge on consent of the parties, pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 6; Doc. 7).

For the following reasons, the undersigned shall order the Commissioner's decision be **VACATED** and that the case be **REMANDED** to the Commissioner to fully develop the record.

---

[1] The Court has amended the caption to replace, as the named defendant, Social Security Commissioner Andrew M. Saul, with his successor, Social Security Commissioner Kilolo Kijakazi. See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On June 29, 2017, Schnoke protectively filed applications under Title II and Title XVI of the Social Security Act, claiming disability beginning April 2, 2016. (Doc. 18-2, at 16). The Social Security Administration initially denied the applications on October 13, 2017, prompting Schnoke's request for a hearing, which Administrative Law Judge (ALJ), Edward L. Brady, held on November 8, 2018. (Doc. 18-2, at 16). In a March 11, 2019 written decision, the ALJ determined that Schnoke is not disabled and therefore not entitled to benefits or income under Title II or Title XVI. (Doc. 18-2, 29). The Appeals Council subsequently denied Schnoke's request for review. (Doc. 18-2, at 2).

On September 2, 2020, Schnoke commenced the instant action. (Doc. 1). The Commissioner responded on May 10, 2021, providing an answer and the requisite transcripts from disability proceedings. (Doc. 17; Doc. 18). The parties then filed their respective briefs, with Schnoke raising one argument for reversal or remand. (Doc. 20; Doc. 21).

II.  **STANDARD OF REVIEW**

To receive benefits under Titles II or XVI of the Social Security Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1509, 416.909. To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in significant numbers in the national economy. 42 U.S.C. §§ 423(d)(2)(A),

1382c(a)(3)(B); 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] Additionally, to be eligible under Title II, a claimant must have been insured for disability insurance benefits. 42 U.S.C. § 423(a)(1)(a); 20 C.F.R. § 404.131.

    A.    <u>ADMINISTRATIVE REVIEW</u>

In evaluating whether a claimant is disabled as defined in the Social Security Act, the Commissioner follows a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity (RFC); and (5) whether the claimant is able to do any other work that exists in significant numbers in the national economy, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work. 20 C.F.R. §§ 404.1512(a), 416.912(a). Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform that are consistent with his or her RFC, age, education, and past work experience. 20 C.F.R. §§ 404.1512(a)(1), 416.912(a)(1).

---

[2] A "physical or mental impairment" is defined as an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

B.   JUDICIAL REVIEW

The Court's review of the Commissioner's final decision denying a claimant's application for benefits is limited to determining whether the findings of the final decisionmaker are supported by substantial evidence in the record. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). The quantum of proof is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict created by such evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).

The question before the Court, therefore, is not whether Schnoke is disabled, but whether the Commissioner's determination that Schnoke is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of

4

the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). If "the ALJ's findings of fact . . . are supported by substantial evidence in the record," the Court is bound by those findings. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

### III.  THE ALJ'S DECISION

In his written decision, the ALJ determined that Schnoke "has not been under a disability, as defined in the Social Security Act, from April 2, 2016, through the date of this decision." (Doc. 18-2, at 28). The ALJ reached this conclusion after proceeding through the five-step sequential analysis provided in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a). At the outset, the ALJ determined that Schnoke "meets the insured status requirement of the SSA through March 31, 2020." (Doc. 18-2, at 18).

#### A.  STEP ONE

At step one, an ALJ must determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If a claimant is engaging in SGA, the claimant is not disabled, regardless of age, education, or work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). SGA is defined as work activity requiring significant physical or mental activity and resulting in pay or profit. 20 C.F.R. §§ 404.1572, 416.972. The ALJ must consider only the earnings of the claimant. 20 C.F.R. §§ 404.1574(a)(2), 416.974(a)(2). Here, the ALJ determined that Schnoke "has not engaged in substantial gainful activity since April 2, 2016, the alleged onset date," and therefore proceeded to step two of the analysis. (Doc. 18-2, at 18).

5

B. STEP TWO

At step two, the ALJ must determine whether the claimant has a medically determinable impairment – or a combination of impairments – that is severe and meets the 12-month duration requirement. 20 C.F.R. §§ 404.1502(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ determines that a claimant does not have an impairment or combination of impairments that significantly limits the claimant's "physical or mental ability to do basic work activities," the ALJ will find that the claimant does not have a severe impairment and is therefore not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If, however, a claimant establishes a severe impairment or combination of impairments, the ALJ proceeds to consider step three. Here, the ALJ found that Schnoke has four severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the left hip, chronic pain syndrome, and major depressive disorder with anxious distress. (Doc. 18-2, at 19). Additionally, the ALJ determined that Schnoke has the following non-severe impairments: mild obstructive sleep apnea and tobacco use disorder. (Doc. 18-2, at 19).

C. STEP THREE

At step three, the ALJ must determine whether the severe impairment or combination of impairments meets or equals the medical equivalent of an impairment listed in the version of 20 C.F.R. § Pt. 404, Subpt. P, App. 1 that was in effect on the date of the ALJ's decision. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1525, 404.1526, 416.920(a)(iii), 416.925, 416.926. The sections in this appendix are commonly referred to as "listings." If the ALJ determines that the claimant's impairment or impairments meet a listing, then the claimant is considered disabled, otherwise the ALJ must proceed to and analyze the fourth step of the sequential analysis. 20 C.F.R. §§ 404.1520(d), 416.920(d). Here, the ALJ determined that none of

Schnoke's impairments, considered individually or in combination, meets or equals the severity of a listed impairment. (Doc. 18-2, at 19). The ALJ considered listings 1.02 – major dysfunction of a joint; 1.04 – disorders of the spine; and 12.04 – depressive, bipolar and related disorders. (Doc. 18-2, at 19).

### D.   RESIDUAL FUNCTIONAL CAPACITY

Between steps three and four, the ALJ determines the claimant's residual functional capacity (RFC), crafted upon consideration of all the evidence presented. At this intermediate step, the ALJ considers all claimant's symptoms and "the extent to which [they] can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). This involves a two-step inquiry according to which the ALJ must (1) determine whether an underlying medically determinable mental impairment or impairments could reasonably be expected to produce the claimant's symptoms; and, if so, (2) evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations. *See* 20 C.F.R. §§ 404.1529(b)-(c), 416.929(b)-(c).

Here, the ALJ found that while Schnoke's medically determinable impairments could reasonably be expected to cause his alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Doc. 18-2, at 26). The ALJ concluded that Schnoke has the RFC

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he [can] only occasionally perform overhead reaching with bilateral upper extremities . . . require[s] a cane for ambulation . . . [can] occasionally balance and stoop . . . [can] not kneel, crouch, or crawl . . . [can] not use any ladders, ropes, or scaffolds . . . [and is] limited to simple and routine work generally described as unskilled.

(Doc. 18-2, at 21).

E.     STEP FOUR

Step four requires the ALJ to determine whether the claimant had, during the relevant period, the RFC to perform the requirements of his or her past relevant work regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past relevant work is work that the claimant has done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b), 416.920(a)(4)(iv). The ALJ considers whether the claimant retains the capacity to perform the particular functional demands and job duties of the past relevant work, either as the claimant actually performed it or as ordinarily required by employers throughout the national economy. *Garibay v. Comm'r Of Soc. Sec.*, 336 F. App'x 152, 158 (3d Cir. 2009) (quoting SSR 82–6). "If the claimant can perform his [or her] past relevant work despite his limitations, he [or she] is not disabled." *Hess v. Comm'r of Soc. Sec.*, 931 F.3d 198, 202 (3d Cir. 2019) (citing 20 C.F.R. § 404.1520(a)(4)(iv)); *see also* 20 C.F.R. § 416.920(a)(4)(iv). Here, the ALJ determined that Schnoke is unable to perform any past relevant work, including working as a mail carrier. (Doc. 18-2, at 27). Thus, the ALJ proceeded to step five of the sequential analysis.

F.     STEP FIVE

At step five, the ALJ considers the claimant's age, education, and work experience to determine whether the claimant can make the adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant who can adjust to other work is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here, considering Schnoke's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant

numbers in the national economy that Schnoke can perform. (Doc. 18-2, at 28). In making this determination, the ALJ relied on the vocational expert's testimony that Schnoke is able to perform the requirements of occupations such as a ticket checker, document preparer, and charge account clerk, all with positions ranging from 189,000 to 2.9 million nationally. (Doc. 18-2, at 28). Accordingly, the ALJ determined that Schnoke is not disabled and denied his application for benefits. (Doc. 18-2, at 28-29).

## IV. DISCUSSION

Plaintiff submits one argument for reversal of the ALJ's decision. (Doc. 20, at 1-4, 7-8). Schnoke argues that the ALJ did not afford appropriate weight to the opinions of his treating physicians Dr. Alander and Dr. Heinle and the consultative examiner Dr. Chaudhry as their opinions are supported by the record. (Doc. 20, at 1-4, 7-8). In response, the Commissioner maintains that the ALJ's decision is supported by substantial evidence and reflects a proper application of the law and regulations. (Doc. 21, at 2).

### A. THE ALJ ERRED IN HIS RFC DETERMINATION WHEN HE FAILED TO ADEQUATELY ADDRESS THE OPINION OF DR. HEINLE.

First, Schnoke argues that the opinion of Dr. Heinle, Schnoke's treating physician, is supported by the record and that the ALJ failed to credit Dr. Heinle's opinion. (Doc. 20, at 7). The Commissioner contends that the Dr. Heinle's opinion that Schnoke "remains unable to perform prior duties at this time and this began April 2, 2016[,]" is not a statement that requires analysis because it is not a medical opinion. (Doc. 21, at 14-15; Doc. 18-19, at 8).

Assessing a claimant's RFC falls within the purview of the ALJ. 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996). "[RFC] is defined as that which an individual is still able to do despite the limitations caused by his or her

impairment(s).'" *Burnett v. Comm'r of Soc. Sec.,* 220 F.3d 112, 121 (3d Cir. 2000) (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 (3d Cir. 1999)). Specifically, one's RFC reflects the *most* that an individual can still do, despite his or her limitations, and is used at steps four and five to evaluate the claimant's case. 20 C.F.R. §§ 404.1520, 404.1545, 416.920, 416.945; SSR 96-8P, 1996 WL 374184 at *2. In crafting the RFC, the ALJ must consider all the evidence of record, including medical signs and laboratory findings, daily activities, medical source statements, and a claimant's medical history. SSR 96-8p, 1996 WL 374184, at *5; *see also Mullin v. Apfel*, 79 F. Supp. 2d 544, 548 (E.D. Pa. 2000). An ALJ's RFC findings, however, must be supported by the medical evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). "[O]nce the ALJ has made this [RFC] determination, [a court's] review of the ALJ's assessment of the plaintiff's RFC is deferential, and that RFC assessment will not be set aside if it is supported by substantial evidence." *Black v. Berryhill*, No. 16-1768, 2018 WL 4189661 at *3 (M.D. Pa. Apr. 13, 2018). Applying this standard to the present record, the Court finds substantial evidence does not support the ALJ's RFC determination as it pertains to the opinion of Dr. Heinle.

In *Cotter*, the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris, 642 F.2d 700, 704, 706-707 (3d Cir. 1981)*. However, the ALJ need not undertake an exhaustive discussion of all the evidence. *See, e.g.*, *Knepp*, 204 F.3d at 83. "There is no

requirement that the ALJ discuss in her opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004).

As this matter involves a claim filed after March 27, 2017, the new regulatory framework governing the evaluation of medical opinions applies to the ALJ's evaluation of the medical opinions in the record. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15,132-01 (Mar. 27, 2017)); *see also* 82 Fed. Reg. 15263 (March 27, 2017); 82 Fed. Reg. 16869 (corrective notice) (explaining that SSR 96-2p and 96- 5p do not apply to newly filed or pending claims after March 27, 2017). The ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Under the new regulations, rather than assigning weight to medical opinions, the Commissioner will articulate "how persuasive" he or she finds the medical opinions. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The Commissioner's consideration of medical opinions is guided by the following factors: supportability; consistency; relationship with the claimant (including the length of the treatment relationship, the frequency of examinations, the purpose of the treatment relationship, the extent of the treatment relationship, and the examining relationship); specialization of the medical source; and any other factors that tend to support or contradict the opinion. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The most important of these factors is the "supportability" of the opinion and the "consistency" of the opinion, which are the same factors that formed the foundation of the rule which prioritized the opinion of a treating source. *Densberger v. Saul*, No. 1:20-CV-772, 2021 WL 1172982, at *8 (M.D. Pa. Mar. 29, 2021) (citing *Andrew G. v.*

11

*Comm'r of Soc. Sec.,* No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.NY. Oct.1, 2020)); 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

The ALJ must explain how he or she considered the "supportability" and "consistency" of a medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ may, but is not required to, explain his or her consideration of the other factors, but if there are two equally persuasive medical opinions about the same issue that are not exactly the same, then the ALJ must explain how he or she considered the other factors. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3). To facilitate judicial review, the ALJ's decision must be accompanied by "a clear and satisfactory explication of the basis on which it rests" and the ALJ must indicate which evidence was accepted, which evidence was rejected, and the reasons for rejecting certain evidence. *Cotter*, 642 F.2d 700, at 706-707.

The ALJ fails to mention Dr. Heinle's opinion in his decision. (Doc. 18-2, at 16-29). The opinion of Dr. Heinle comes from an acceptable medical source as he is a licensed physician. 20 C.F.R. §§ 404.1502(a)(1), 416.902(a)(1); (Doc. 18-7, at 5). Although Dr. Heinle "[is] not entitled to any deference given [his] status as [a] 'treating physician[n]'" the ALJ failed to adequately address his opinion. *See Duhl v. Kijakazi,* No. 20-1123, 2021 WL 5909819, at *3 (W.D. Pa. Dec. 14, 2021); (Doc. 18-2, at 21-27).

Under the new regulations, a statement from a physician that the claimant is disabled does not require analysis by the ALJ, as such a determination is reserved for the ALJ. 20 C.F.R. §§ 404.1520b(c), 416.920b(c).

> Paragraphs (c)(1) through (c)(3) apply in claims filed (see § 404.614) on or after March 27, 2017. Because the evidence listed in paragraphs (c)(1) through (c)(3) of this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under §[§] 404.1520c[, 416.920c]:

. . .

> Statements on issues reserved to the Commissioner. The statements listed in paragraphs (c)(3)(i) through (c)(3)(viii) of this section would direct our determination or decision that you are or are not disabled or blind within the meaning of the Act, but we are responsible for making the determination or decision about whether you are disabled or blind:
>
> (i) Statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work.

20 C.F.R. § 404.1520b(c); *see also* 20 C.F.R. § 416.920b(c).

Dr. Heinle's opinion that Schnoke "remains unable to perform prior duties at this time and this began April 2, 2016[,]" does not appear to be a statement solely regarding Schnoke's ability to work. (Doc. 18-19, at 8). The opinion lends itself to a general ability for Schnoke to perform all "prior duties" not necessarily prior duties at his employment. (Doc. 18-19, at 8); 20 C.F.R. §§ 404.1520b(c), 416.920b(c). Even if Dr. Heinle's opinion is considered a statement regarding Schnoke's ability to work, his opinion was comprised of more than just a disability statement and required some assessment by the ALJ. *Cf. Michelle K. v. Comm'r Of Soc. Sec.*, 527 F. Supp. 3d 476, 484 (W.D.N.Y. 2021) (finding that the ALJ did not err in his assessment of a treating physician's opinion that the claimant "was no longer able to work due to pain" when the ALJ explained that the opinion was not persuasive because it provided little explanation and medical documentation); (Doc. 18-19, at 4-9).

Dr. Heinle explained that Schnoke has "increased symptomatology from degenerative disc disease with intermittent radicular symptom and decreased effectiveness of interventions including trigger points injections and rhizotomies" and noted that Schnoke experiences cervical pain. (Doc. 18-19, at 8). Thus, Dr. Heinle provided medical evidence other than his statement that may have been reserved for the ALJ. (Doc. 18-19, at 8). The ALJ is only

required to address the supportability and consistency of Dr. Heinle's medical opinion, however he has failed to do so in any capacity. (Doc. 18-2, at 21-27); *Densberger*, 2021 WL 1172982, at *8 (citing *Andrew G.,* 2020 WL 5848776, at *5); 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). 20 C.F.R. § 404.1520c(b)(2) states that the ALJ "will explain how [he or she] considered the supportability and consistency factors for a medical source's medical opinion[n] or prior administrative medical findin[g]." See also 20 C.F.R. § 416.920c(b)(2). The factor of supportability is considered through the lens that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).The factor of consistency is determined through "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 416.920c(c)(2), 404.1520c(c)(2). The ALJ fails to mention Dr. Heinle's opinion anywhere in his decision. (Doc. 18-2, at 16-29). Thus, he has not demonstrated why Dr. Heinle's opinion regarding Schnoke's degenerative disc disease and pain was unsupported or inconsistent. *See* 20 C.F.R. §§ 404.1520b(c), 416.920b(c). As such, the Court finds that the ALJ's failure to consider the opinion of Dr. Heinle is not supported by substantial evidence. *See Densberger,* 2021 WL 1172982, at *8 ("An ALJ is specifically required to 'explain how [he or she] considered the supportability and consistency factors' for a medical opinion.").

B. THE COURT DECLINES TO ADDRESS SCHNOKE'S REMAINING ARGUMENTS.

Because the Court has vacated and remanded the decision of the Commissioner for further consideration, concluding that the ALJ's RFC assessment is not supported by substantial evidence, the Court declines to address Schnoke's remaining arguments. "A remand may produce different results on these claims, making discussion of them moot." *Burns v. Colvin*, 156 F. Supp. 3d 579, 598 (M.D. Pa. 2016). The Court's evaluation of Schnoke's additional contentions would be futile given that the ALJ's decision concerning Schnoke's RFC assessment may yield a different result.

V. REMEDY

As a final matter, the Court addresses whether this case should be remanded to the Commissioner for further administrative proceedings or whether reversal and an award of benefits is appropriate. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the case for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100–01 (1991). However, the Third Circuit has advised that benefits should only be awarded where "the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000); *see e.g. Fla. Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). In this case, the appropriate measure is to **REMAND** for further proceedings.

## VI.  CONCLUSION

Based on the foregoing, the Commissioner's decision to deny Schnoke benefits is **VACATED** and the case is **REMANDED** to the Commissioner to fully develop the record, conduct a new administrative hearing, and appropriately evaluate the evidence pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court will be directed to **CLOSE** this case.

An appropriate Order follows.


**Dated: January 18, 2022**                     *s/ Karoline Mehalchick*
                                                 **KAROLINE MEHALCHICK**
                                                 **Chief United States Magistrate Judge**

Case 3:20-cv-01586-KM   Document 22   Filed 01/18/22   Page 17 of 17